IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

PETERSEN COMPANIES, LLC,                    *
as Authorized Representative of:
                                            *

DAVID ANDERSON, ROSEMARY BRINKLEY,          *
ROY BROWN, ALBERTA COOK,                                JUDGE:
ELLIOTT EDWARD, LELIA FONNER,               *
DELORES FOSTER, DONNABELLE FRAZIER,
LADONNA GANN, DOROTHY GARRISON,             *
VIVIAN GIUKA, CARRIE GLEASON,
MARY GRASSESCHI, RICHARD HESS,              *
JANET HOLLINGSWORTH,                                    CASE NO.:
JACK ICENOGLE, CHRISTINA ISHMAEL,           *
DAVID KATNER, WILMER KAUFMAN,
LILLIAN KOEHLER, VIRGINIA LANE,             *
KATHRYN LOUDERMILK, CAROL MARCOUX,
ALBERT MARCUM, RANDY MCGREW,                *
TIFFANY MERCIER,
CATHERINE MERRY-AZIMI,                      *
CATHERINE MONDY, LENA MORGAN,
PATRICIA MORROW, NORMAN MULLINS,            *
VIRGIL MURPHY, BONNIE POWELL,
FLORENCE PRESTON, DOROTHY ROSE,             *
EDWARD SMITH, MARY STEFFAN,
KATHLEEN STUBY, WENDY TOUFEXIS,             *
MITCHELL VANWINKLE, ANGELA WINTERS,
SHARON WRONE,                               *

                   PLAINTIFFS,
v.
                                            *
FELICIA F. NORWOOD, in her official
capacity as the Director of the Illinois    *
Department of Healthcare and Family
Services,                                   *

                   DEFENDANT.               *

## COMPLAINT FOR DECLARATORY JUDGMENT

### I.     PRELIMINARY STATEMENT

As a condition of receiving federal funds, the State of Illinois is required to operate the Medicaid program in compliance with the Social Security Act and implementing regulations, pursuant to 42 U.S.C. § 1396(c).  This case concerns the failure of Defendant, Felicia F. Norwood, ("Defendant") the Director of the Illinois Department of Healthcare and Family Services ("HFS") to comply with her obligations to afford Medicaid benefits to residents in long-term care facilities in compliance with the federal rules and regulations of the United States.  The Defendant is directly responsible for policies necessary for the implementation of a system for determination of payment for Medicaid that complies, in all aspects, with federal law.  The failures by the Defendant to grant Medicaid benefits to residents of skilled nursing facilities constitute violations of the Federal Medicaid Act and implementing regulations at 42 USC § 1396u-2, 42 CFR § 438.10, and 42 USC § 1396(a), Section 1902(a) (37) (a).

### II.     JURISDICTION AND VENUE

This action arises under the Federal Medicaid Act and implementing regulations at 42 USC § 1396u-2, 42 CFR § 438.10, and 42 USC § 1396(a), Section 1902(a) (37) (a). Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§1331, 1343(k) and 28 U.S.C. §§2201 and 2202.  This is a suit authorized and instituted pursuant to the Federal Medicaid Act and implementing regulations.  Additionally, the jurisdiction of this court is invoked to secure protection to redress the deprivation under color of state law, statute, custom and/or usage of a right, privilege and/or immunity secured to Plaintiffs by the Fourteenth Amendment to the

Constitution of the United States and by 42 U.S.C. §1983 and other state tort claims. Venue lies in this forum pursuant to 28 U.S.C. § 1391(e).

## III.    PARTIES

1.    Petersen Companies, LLC ("Petersen") is headquartered in Peoria, Illinois. Peterson owns and operates twenty-four-hour skilled nursing home facilities located in the State of Illinois.

2.    Certain individual residents at Petersen healthcare facilities, who submitted Medicaid applications for which a decision to grant or deny benefits was excessively delayed and in fact is still pending by the Illinois Department of Healthcare and Family Services:

a.    Rosemary Brinkley was admitted to a Petersen skilled nursing facility on or about April 10, 2015 ("Brinkley" or "Plaintiff"). Brinkley submitted her Medicaid application on or about April 13, 2015, and is pending approval and/or decision by HFS. Brinkley suffers from schizophrenia, among other severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Brinkley's outstanding balance at Petersen is approximately Seventy-Four Thousand Seven Hundred Forty-Three Dollars and Fifty Cents ($74,743.50).

b.    Roy Brown was admitted to a Petersen skilled nursing facility on or about August 25, 2014 ("Brown" or "Plaintiff"). Brown submitted his Medicaid application on or about February 13, 2014, and is pending approval and/or decision by HFS. Brown suffers from essential primary hypertension and cerebral aneurysm, among other severe medical conditions. He requires twenty-four-hour skilled nursing care at a Petersen facility. Brown's outstanding balance at Petersen is approximately Ninety-Eight Thousand Three Hundred Fifty-Two Dollars and Ninety-Nine Cents ($98,352.99).

c.      Alberta Cook was admitted to a Petersen skilled nursing facility on February 15, 2016 ("Cook" or "Plaintiff").  Cook submitted her Medicaid application on or about March 23, 2016, and is pending approval and/or decision by HFS.  Cook suffers from dementia and osteoarthritis, among other severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Cook's outstanding balance at Petersen is approximately Sixty-Five Thousand Seven Hundred Thirty Dollars and Sixty-One Cents ($65,730.61).

d.      Leila Fonner was admitted to a Petersen skilled nursing facility on or about June 29, 2013 ("Fonner" or "Plaintiff").  Fonner submitted her Medicaid application on or about August 6, 2015, and is pending approval and/or decision by HFS. Fonner suffers from severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Fonner's outstanding balance at Petersen is approximately Twenty-One Thousand Three Hundred Sixteen Dollars and Fifty-Two Cents ($94,716.36).

e.      Donnabelle Frazier was admitted to a Petersen skilled nursing facility on or about December 3, 2012 ("Frazier" or "Plaintiff").  Frazier submitted her Medicaid application on or about February 2, 2013, and is pending approval and/or decision by HFS. Frazier suffers from dementia and macular degeneration, amongst other severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Frazier's outstanding balance at Petersen is approximately One Hundred Fifty-Two Thousand Eight Hundred Thirty-Eight Dollars and Sixty-Six Cents ($152,838.66).

f.      Dorothy Garrison was admitted to a Petersen skilled nursing facility on or about November 21, 2014 ("Garrison" or "Plaintiff").  Garrison submitted her Medicaid application on or about January 20, 2016, and is pending approval and/or decision by HFS. Garrison suffers from severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen

4

facility. Frazier's outstanding balance at Petersen is approximately Seventy-Eight Thousand One Hundred Thirty-Four Dollars and Fifty-Nine Cents ($78,134.59).

g. Vivian Giuka was admitted to a Petersen skilled nursing facility on or about November 3, 2014 ("Giuka" or "Plaintiff"). Giuka submitted her Medicaid application on or about February 19, 2015, and is pending approval and/or decision by HFS. Giuka suffers from essential hypertension and atherosclerosis, amongst other severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Giuka's outstanding balance at Petersen is approximately One Hundred Four Thousand Seven Hundred Eleven Dollars and Eighty-One Cents ($104,711.81).

h. Janet Hollingsworth was admitted to a Petersen skilled nursing facility on or about October 31, 2013 ("Hollingsworth" or "Plaintiff"). Hollingsworth submitted her Medicaid application on or about October 31, 2013, and is pending approval and/or decision by HFS. Hollingsworth suffers from epilepsy and hypertension, amongst other severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Hollingsworth's outstanding balance at Petersen is approximately One Hundred Twenty-Six Thousand Eighty-Four Dollars and Forty-Seven Cents ($126,084.47).

i. Wilmer Kaufman was admitted to a Petersen skilled nursing facility on or about October 27, 2014 ("Kaufman" or "Plaintiff"). Kaufman submitted his Medicaid application on or about October 28, 2014, and is pending approval and/or decision by HFS. Kaufman suffers from kidney failure and muscle weakness, amongst other severe medical conditions. He requires twenty-four-hour skilled nursing care at a Petersen facility. Kaufman's outstanding balance at Petersen is approximately One Hundred Two Thousand Four Hundred Forty-Five Dollars and Eighty-Eight Cents ($102,445.88).

j.     Lillian Koehler was admitted to a Petersen skilled nursing facility on or about December 11, 2014 ("Koehler" or "Plaintiff"). Koehler submitted her Illinois Form 3654 on or about December 11, 2014, and is pending approval and/or decision by HFS. Koehler suffers from severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Koehler's outstanding balance at Petersen is approximately Eighty-Six Thousand Thirty-Seven Dollars and Sixty-Four Cents ($86,037.64).

k.     Kathryn Loudermilk was admitted to a Petersen skilled nursing facility on or about July 21, 2015 ("Loudermilk" or "Plaintiff"). Loudermilk submitted her Medicaid application on or about January 26, 2016, and is pending approval and/or decision by HFS. Loudermilk suffers from vascular disease, amongst other severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Loudermilk's outstanding balance at Petersen is approximately Seventy Thousand One Hundred Sixteen Dollars and Forty Cents ($70,116.40).

l.     Carol Marcoux was admitted to a Petersen skilled nursing facility on or about March 3, 2015 ("Marcoux" or "Plaintiff"). Marcoux submitted her Medicaid application on or about March 14, 2015, and is pending approval and/or decision by HFS. Marcoux suffers from muscle weakness, amongst other severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Marcoux' outstanding balance at Petersen is approximately Seventy-One Thousand One Hundred Sixty-Three Dollars and Forty-Nine Cents ($71,163.49).

m.     Tiffany Mercier was admitted to a Petersen skilled nursing facility on or about March 31, 2014 ("Mercier" or "Plaintiff"). Mercier submitted her Medicaid application on or about June 21, 2016, and is pending approval and/or decision by HFS. Mercier suffers from

6

hypertension and is bipolar, amongst other severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Mercier's outstanding balance at Petersen is approximately Eighty-Eight Thousand Seven Hundred Twenty-Three Dollars and Ninety-Seven Cents ($88,723.97).

n.      Catherine Mondy was admitted to a Petersen skilled nursing facility on or about April 16, 2015 ("Mondy" or "Plaintiff"). Mondy submitted her Medicaid application on or about April 20, 2015, and is pending approval and/or decision by HFS. Mondy suffers from Alzheimer's disease, amongst other severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Mondy's outstanding balance at Petersen is approximately Seventy-Three Thousand Seven Hundred Sixty-One Dollars and Seventy Cents ($73,761.70).

o.      Norman Mullins was admitted to a Petersen skilled nursing facility on or about January 29, 2015 ("Mullins" or "Plaintiff"). Mullins submitted his Medicaid application on or about March 3, 2014, and is pending approval and/or decision by HFS. Mullins suffers from severe medical conditions. He requires twenty-four-hour skilled nursing care at a Petersen facility. Mullins's outstanding balance at Petersen is approximately Ninety-Seven Thousand Two Hundred Twenty-Eight Dollars and Seventy-One Cents ($97,228.71).

p.      Florence Preston was admitted to a Petersen skilled nursing facility on or about December 20, 2014 ("Preston" or "Plaintiff"). Preston submitted her Medicaid application on or about December 31, 2014, and is pending approval and/or decision by HFS. Preston suffers from severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Preston's outstanding balance at Petersen is approximately Ninety Thousand Four Hundred Thirty-Seven Dollars and Sixty-Four Cents ($90,437.64).

7

q.      Kathleen Stuby was admitted to a Petersen skilled nursing facility on or about May 13, 2015 ("Stuby" or "Plaintiff"). Stuby submitted her Medicaid application on or about August 4, 2015, and is pending approval and/or decision by HFS. Stuby suffers from a cerebral aneurysm, amongst other severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Stuby's outstanding balance at Petersen is approximately Sixty-Seven Thousand Four Hundred Seventy-Two Dollars and Twenty-Five Cents ($67,472.25).

r.      Mitchell Vanwinkle was admitted to a Petersen skilled nursing facility on or about September 9, 2014 ("Vanwinkle" or "Plaintiff"). Vanwinkle submitted his Medicaid application on or about October 6, 2015, and is pending approval and/or decision by HFS. Vanwinkle suffers from severe medical conditions. He requires twenty-four-hour skilled nursing care at a Petersen facility. Vanwinkle's outstanding balance at Petersen is approximately One Hundred Thousand Eight Hundred Three Dollars and Eleven Cents ($100,803.11).

3.      Certain individual residents at Petersen healthcare facilities, who submitted Medicaid applications were approved to receive Medicaid benefits and for whom the Illinois Department of Healthcare and Family Services excessively delayed payment of healthcare and services rendered by Petersen healthcare facilities:

a.      David Anderson was admitted to a Petersen skilled nursing facility on or about July 8, 2014 ("Anderson" or "Plaintiff"). Anderson was approved to receive Medicaid benefits beginning or about February 1, 2015. Anderson suffers from major depressive disorder and type 2 diabetes, among other severe medical conditions. He requires twenty-four-hour skilled nursing care at a Petersen facility. Anderson's outstanding balance at Petersen is approximately Eighty-Two Thousand Five Hundred Ninety-Nine Dollars and Sixty-Four Cents ($82,599.64).

b.      Edward Elliott was admitted to a Petersen skilled nursing facility on or about September 17, 2012 ("Elliott" or "Plaintiff").  Elliott was approved to receive Medicaid benefits with benefits to begin from October 1, 2012.  Elliott suffers from severe medical conditions. He requires twenty-four-hour skilled nursing care at a Petersen facility. Elliott's outstanding balance at Petersen is approximately Seventy-Five Thousand Four Hundred Seventy-Nine Dollars and Eighty-One Cents ($75,479.81).

c.      Delores Foster was admitted to a Petersen skilled nursing facility on or about August 22, 2014 ("Foster" or "Plaintiff").  Foster applied for Medicaid benefits on or about September 2, 2014 and was approved to receive Medicaid benefits.  Foster suffers from senile dementia amongst other severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Foster's outstanding balance at Petersen is approximately Eighty-Five Thousand Six Hundred Ninety-Five Dollars and Sixty-One Cents ($85,695.61).

d.      Ladonna Gann was admitted to a Petersen skilled nursing facility on or about June 11, 2015 ("Gann" or "Plaintiff").  Gann applied for Medicaid benefits on or about July 8, 2015 and was approved to receive Medicaid benefits.  Gann suffers from severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Gann's outstanding balance at Petersen is approximately Sixty-Nine Thousand Three Hundred Sixty-Seven Dollars and Fourteen Cents ($69,367.14).

e.      Carrie Gleason was admitted to a Petersen skilled nursing facility on or about August 12, 2015 ("Gleason" or "Plaintiff").  Gleason applied for Medicaid benefits on or about April 1, 2015 and was approved to receive Medicaid benefits.  Gleason suffers from severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility.

Gleason's outstanding balance at Petersen is approximately Seventy-Three Thousand Eight Hundred Forty-Five Dollars and Twenty-Eight Cents ($73,845.28).

f.     Mary Grasseschi was admitted to a Petersen skilled nursing facility on or about December 26, 2014 ("Grasseschi" or "Plaintiff"). Grasseschi applied for Medicaid benefits on or about June 30, 2015 and was approved to receive Medicaid benefits. Grasseschi suffers from severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Grasseschi's outstanding balance at Petersen is approximately Sixty-Five Thousand Three Hundred Twenty-Three Dollars and Fifty-Three Cents ($65,323.53).

g.     Richard Hess was admitted to a Petersen skilled nursing facility on or about April 7, 2015 ("Hess" or "Plaintiff"). Hess applied for Medicaid benefits on or about March 11, 2015 and was approved to receive Medicaid benefits. Hess suffers from dementia and other severe medical conditions. He requires twenty-four-hour skilled nursing care at a Petersen facility. Hess's outstanding balance at Petersen is approximately Seventy-Six Thousand Six Hundred Twenty-Three Dollars and Forty-Eight Cents ($76,623.48).

h.     Jack Icenogle was admitted to a Petersen skilled nursing facility on or about April 30, 2014 ("Icenogle" or "Plaintiff"). Icenogle applied for Medicaid benefits on or about August 28, 2015 and was approved to receive Medicaid benefits. Icenogle suffers from dementia and hypertension, amongst other severe medical conditions. He requires twenty-four-hour skilled nursing care at a Petersen facility. Icenogle's outstanding balance at Petersen is approximately Seventy-Three Thousand Eight Hundred Eighty-Nine Dollars and Seventy-Seven Cents ($73,889.77).

i.     Christina Ishmael was admitted to a Petersen skilled nursing facility on or about November 25, 2014 ("Ishmael" or "Plaintiff"). Ishmael applied for Medicaid benefits on or

about April 1, 2016 and was approved to receive Medicaid benefits. Ishmael suffers from delirium, amongst other severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Ishmael's outstanding balance at Petersen is approximately Ninety-Two Thousand One Hundred Fifty-Seven Dollars and Thirteen Cents ($92,157.13).

      j.     David Katner was admitted to a Petersen skilled nursing facility on or about December 24, 2014 ("Katner" or "Plaintiff"). Katner applied for Medicaid benefits on or about January 15, 2015 and was approved to receive Medicaid benefits. Katner suffers from congestive heart failure, amongst other severe medical conditions. He requires twenty-four-hour skilled nursing care at a Petersen facility. Katner's outstanding balance at Petersen is approximately One Hundred Six Thousand Eighteen Dollars and Five Cents ($106,018.05).

      k.     Virginia Lane was admitted to a Petersen skilled nursing facility on or about August 13, 2012 ("Katner" or "Plaintiff"). Lane applied for Medicaid benefits on or about March 31, 2014 and was approved to receive Medicaid benefits. Lane suffers from acute kidney failure, amongst other severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Lane's outstanding balance at Petersen is approximately One Hundred One Thousand Seven Hundred Twenty-Six Dollars and Eight Cents ($101,726.08).

      l.     Albert Marcum was admitted to a Petersen skilled nursing facility on or about October 17, 2013 ("Marcum" or "Plaintiff"). Marcum applied for Medicaid benefits on or about September 2, 2014 and was approved to receive Medicaid benefits. Marcum suffers from Alzheimer's disease, amongst other severe medical conditions. He requires twenty-four-hour skilled nursing care at a Petersen facility. Marcum's outstanding balance at Petersen is approximately Ninety Thousand One Hundred Ninety-Four Dollars and Sixty-Three Cents ($90,194.63).

m.     Randy McGrew was admitted to a Petersen skilled nursing facility on or about May 11, 2015 ("McGrew" or "Plaintiff").  McGrew submitted Illinois Form 3654 on or about May 12, 2015 and was approved to receive Medicaid benefits.  McGrew suffers from gastrostomy, amongst other severe medical conditions. He requires twenty-four-hour skilled nursing care at a Petersen facility. McGrew's outstanding balance at Petersen is approximately Sixty-Five Thousand Three Hundred Fifty Dollars and Ninety-Five Cents ($65,350.95).

n.     Catherine Merry-Azimi was admitted to a Petersen skilled nursing facility on or about December 20, 2013 ("Merry-Azimi" or "Plaintiff").  Merry-Azimi applied for Medicaid benefits on or about May 12, 2015 and was approved to receive Medicaid benefits.  Merry-Azimi suffers from severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Merry-Azimi's outstanding balance at Petersen is approximately Eighty-Nine Thousand Four Hundred Forty-One Dollars and Nine Cents ($89,441.09).

o.     Lena Morgan was admitted to a Petersen skilled nursing facility on or about December 26, 2011 ("Morgan" or "Plaintiff").  Morgan applied for Medicaid benefits on or about March 8, 2014 and was approved to receive Medicaid benefits.  Morgan suffers from chronic ischemic heart disease, cognitive impairment, amongst other severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Morgan's outstanding balance at Petersen is approximately Eighty Thousand Seven Hundred Thirty-Two Dollars and Twenty Cents ($80,732.20).

p.     Patricia Morrow was admitted to a Petersen skilled nursing facility on or about October 14, 2014 ("Morrow" or "Plaintiff").  Morrow applied for Medicaid benefits on or about January 9, 2015 and was approved to receive Medicaid benefits.  Morrow suffers from severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility.

Morrow's outstanding balance at Petersen is approximately Eighty-Three Thousand Seven Hundred Seventeen Dollars and Twenty-One Cents ($83,717.21).

q.      Virgil Murphy was admitted to a Petersen skilled nursing facility on or about September 30, 2014 ("Murphy" or "Plaintiff").  Murphy applied for Medicaid benefits on or about June 3, 2014 and was approved to receive Medicaid benefits.  Murphy suffers from severe medical conditions. He requires twenty-four-hour skilled nursing care at a Petersen facility. Murphy's outstanding balance at Petersen is approximately Sixty-Nine Thousand Three Hundred Sixty-Seven Dollars and Fourteen Cents ($69,367.14).

r.      Bonnie Powell was admitted to a Petersen skilled nursing facility on or about October 7, 2015 ("Powell" or "Plaintiff").  Powell applied for Medicaid benefits on or about December 15, 2014 and was approved to receive Medicaid benefits.  Powell suffers from severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Powell's outstanding balance at Petersen is approximately Ninety-Eight Thousand Eight Hundred Forty-Nine Dollars and Forty Cents ($98,849.40).

s.      Dorothy Rose was admitted to a Petersen skilled nursing facility on or about August 10, 2013 ("Rose" or "Plaintiff").  Rose applied for Medicaid benefits on or about December 22, 2014 and was approved to receive Medicaid benefits.  Rose suffers from severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Rose's outstanding balance at Petersen is approximately Eighty Thousand Seven Hundred Ninety-Nine Dollars and Fifty-Eight Cents ($80,799.58).

t.      Edward Smith was admitted to a Petersen skilled nursing facility on or about February 16, 2012 ("Smith" or "Plaintiff").  Smith applied for Medicaid benefits on or about February 1, 2015 and was approved to receive Medicaid benefits in or around November, 2015.

Smith suffers from schizoaffective disorder, amongst other severe medical conditions. He requires twenty-four-hour skilled nursing care at a Petersen facility. Smith's outstanding balance at Petersen is approximately Eighty-Five Thousand Nine Hundred Ninety-Seven Dollars and Ninety-Eight Cents ($85,997.98).

u.  Mary Steffan was admitted to a Petersen skilled nursing facility on or about June 24, 2014 ("Steffan" or "Plaintiff"). Steffan applied for Medicaid benefits and was approved to receive Medicaid benefits. Steffan suffers from chronic obstructive pulmonary disease, amongst other severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Steffan's outstanding balance at Petersen is approximately Ninety-Nine Thousand Nine Hundred Fifty-Eight Dollars and Twenty-Four Cents ($99,958.24).

v.  Wendy Toufexis was admitted to a Petersen skilled nursing facility on or about October 26, 2010 ("Toufexis" or "Plaintiff"). Toufexis applied for Medicaid benefits on or about April 14, 2015 and was approved to receive Medicaid benefits to begin from January 1, 2015. Toufexis suffers from multiple severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Toufexis's outstanding balance at Petersen is approximately One Hundred Thousand Eight Hundred Seventy-Seven Dollars and Sixty-Four Cents ($100,877.64).

w.  Angela Winters was admitted to a Petersen skilled nursing facility on or about April 1, 2011 ("Winters" or "Plaintiff"). Winters applied for Medicaid benefits on or about May 12, 2015 and was approved to receive Medicaid benefits. Winters suffers from cognitive impairment, amongst other severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility. Winters's outstanding balance at Petersen is approximately Eighty-Four Thousand Eight Hundred Seventy-Three Dollars and Three Cents ($84,873.03).

x.     Sharon Wrone was admitted to a Petersen skilled nursing facility on or about November 20, 2015 ("Wrone" or "Plaintiff").  Wrone applied for Medicaid benefits on or about February 5, 2015 and was approved to receive Medicaid benefits.  Wrone suffers from type 2 diabetes and hypertension, amongst other severe medical conditions. She requires twenty-four-hour skilled nursing care at a Petersen facility.  Wrone's outstanding balance at Petersen is approximately Seventy-Five Thousand Five Hundred Eleven Dollars and Sixty-Four Cents ($75,511.64).

4.     The Illinois Department of Healthcare and Family Services ("HFS" or "Defendant") is an Illinois state agency that provides Medicaid services to enrollees in Illinois. HFS is the sole state agency administering Medicaid in the State of Illinois.

5.     The Felicia F. Norwood, is the Director of HFS ("Norwood" or "Defendant"), and at all times material to this Complaint acted under color of state law in administering the regulations, customs, policies, and practices material herein.  She is sued in her official capacity only.

## IV. STATEMENT OF FACTS

1.     The Illinois State Medicaid Plan operates under the statutory authority of Title XIX of the Social Security Act Medical Assistance Program.

2.     As a condition of receiving federal funds, HFS is required to administer the Medicaid program in the state of Illinois in compliance with the Federal Medicaid Act, 42 U.S.C. § 1396a (a)(8), and implementing regulations.

3.     Federal law requires that the Defendant make an eligibility determination on a Medicaid application within forty-five days.  *See* 42 C.F.R. §435.912.

4.     Pursuant to 42 CFR §431.220, applicant has a right to file an appeal ("Inaction Appeal") when the state Medicaid agency [Defendant] has failed to timely process an individual's Medicaid application or request and obtain interim benefits for automatic approval.

**42 CFR §431.220   When a hearing is required.**

(a) The State agency must grant an opportunity for a hearing to the following:

(1) Any applicant who requests it because his claim for services is denied or is not acted upon with reasonable promptness.

(2) Any beneficiary who requests it because he or she believes the agency has taken an action erroneously.

(3) Any resident who requests it because he or she believes a skilled nursing facility or nursing facility has erroneously determined that he or she must be transferred or discharged.

(4) Any individual who requests it because he or she believes the State has made an erroneous determination with regard to the preadmission and annual resident review requirements of section 1919(e)(7) of the Act.

(5) Any MCO, PIHP, or PAHP enrollee who is entitled to a hearing under subpart F of part 438 of this chapter.

(6) Any enrollee in a non-emergency medical transportation PAHP (as that term is defined in §438.9 of this chapter) who has an action as stated in this subpart.

(7) Any enrollee who is entitled to a hearing under subpart B of part 438 of this chapter.

5.     In *Doe 1-13 by and Through Doe Sr. 1-13 v. Chiles,* 136 F.3d 709 (1998) the court found that an action brought by disabled individuals will prevail when the action is brought

16

against state officials, who failed to provide Medicaid services with reasonable promptness. Additionally, the *Doe* court found that failing to furnish Medicaid assistance with reasonable promptness to disabled individuals should not exceed 90 days. The action was brought pursuant to 42 U.S.C. § 1983 against officials, alleging unreasonable delays in providing certain services under the state Medicare program. Additionally, in *Brown v. Luna*, 735 F.Supp. 762 (M.D. Tenn., 1990) the Court held that "[a]ll applications pending more than 90 days without an eligibility decision [were to] be awarded interim Medicaid benefits unless [the Agency had] documented that the application has been delayed for good cause."

6.     In 2008, Congress passed legislation requiring all states to implement electronic asset verification programs ("AVP") to obtain information regarding the financial resources of Medicaid applicants, including those seeking Medicaid coverage for long-term care. 42 U.S.C. §1396w. This requirement has been codified in the federal Medicaid regulations. 42 CFR §435.945(j).

7.     Federal law imposes on Medicaid agencies an affirmative duty to obtain information regarding a Medicaid applicant's eligibility. This duty exists independent of the actions of the Medicaid applicant and is consequently not dependent on the extent of an applicant's efforts to obtain eligibility information, or on an applicant's request for assistance. 42 CFR § 435.952. Furthermore, Medicaid agencies are not permitted to ask applicants to produce information unless that information is unavailable electronically. 42 C.F.R. § 435.952(c).

8.     The Defendant did not seek to obtain any of the Plaintiffs' information electronically via AVP. Nor did the Defendant try to obtain Plaintiffs' information from secondary sources. Instead, the Defendant placed the burden of providing information entirely on the Plaintiffs. These actions violate federal law, which requires agencies to obtain and use

items of information relating to Medicaid applicants and beneficiaries to "prevent ineligibility and incorrect payments." 42 CFR 435.953(a). No steps are taken by the Defendant to prevent the ineligibility of the Plaintiffs.

9.      In light of the Defendant's failure to comply with federal and state Medicaid laws, the Plaintiffs have been unable to pay for their room, board, care and services at Petersen facilities during their period of Medicaid ineligibility in the amounts stated above.

10.     Such inaction by the Defendant places the Plaintiffs at risk of being discharged from Petersen facilities, and jeopardizes their health safety, and well-being.

11.     Federal law requires the Defendant to issue a determination on an individual's Medicaid application, and requires that every applicant be timely afforded such notice and a right to appeal such decision.

12.     As a direct result of the Defendant's failure to timely process their Medicaid applications, Plaintiffs Brinkley, Brown, Cook, Fonner, Frazier, Garrison, Giuka, Hollingsworth, Kaufman, Koehler, Loudermilk, Marcoux, Mercier, Mondy, Mullins, Preston, Stuby, and Vanwinkle have failed to receive public assistance to which they are entitled pursuant to federal law.

13.     The Defendant has failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to all individuals meeting specified financial eligibility standards, as required under 42 U.S.C. § 1396a(a) (10).

14.     All of the Plaintiffs are "qualified individuals with a disability," as defined under the ADA, 42 U.S.C. § 12132 *et. seq.* and 28 C.F.R. § 35.130 *et. seq.*

15.     The Defendant's failure to afford the Plaintiffs public benefits and services, to which they are entitled under federal law, and failure to grant the Residents Medicaid benefits as a reasonable accommodation, constitutes actual or predictable discrimination in violation of the ADA, 42 U.S.C. § 12132 *et seq.* and 28 C.F.R. § 35.130 e*t seq.*

16.     By failing to pay for services rendered to Medicaid approved patients, the Defendant has failed to comply with federal law, as preempted by the Supremacy Clause of the United States Constitution, Article VI. The burden placed on the Defendant, should the Court grant the relief requested in this action, is that Defendant will be required to comply with federal Medicaid laws and pay for medical services already rendered to Plaintiffs. The Defendant stand to suffer diminutive, if any, burden by the timely rendering of payment of Plaintiffs' Medicaid claims to the skilled nursing facilities in which they reside.

17.     The Illinois State Medicaid Plan operates under the statutory authority of Title XIX of the Social Security Act Medical Assistance Program.

18.     As a condition of receiving federal funds, the Defendants are required to administer the Medicaid program in the State of Ohio in compliance with the Federal Medicaid Act, 42 U.S.C. §1396a (a) (8), and implementing regulations.

19.     The Defendants have failed/refused to pay within one year Medicaid claims made by the Plaintiffs, pursuant to 42 CFR 447.45(**d**) which states as follows:

*Timely processing of claims.*

(**1**) The Medicaid agency must require providers to submit all claims no later than 12 months from the date of service

......

(**4**) The agency must pay all other claims within 12 months of the date of receipt… [exceptions are excluded as are not applicable.]

42 CFR 447.45(d).

20.     Due to the Defendants' failure to pay Plaintiffs Anderson, Elliott, Foster, Gann, Gleson, Grasseschi, Hess, Icenogle, Ishmael, Katner, Lane, Marcum, McGrew, Merry-Azimi, Morgan, Morrow, Murphy, Powell, Rose, Smith, Steffan, Toufexis, Winters, and Wrone's timely filed claims, the Defendants have failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to the Plaintiffs' residents, who meet the financial eligibility standards, as required under 42 U.S.C. §1396a(a)(10).

21.     By failing to pay for services rendered to Medicaid approved patients, Defendants have failed to comply with federal law as preempted by the Supremacy Clause of the United States Constitution, Article VI.

22.      The burden placed on Defendants, should the Court grant the relief requested in this action, is that Defendants will be required to comply with federal Medicaid laws and properly pay the Plaintiffs in accordance with the regulations and federal law.  The Defendants stand to suffer diminutive, if any, burden by the timely rendering of payment of Plaintiffs' Medicaid claims to the Plaintiffs.

## V. CAUSES OF ACTION

### COUNT ONE - DECLARATORY JUDGMENT RELIEF

23.     Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

24.     Pursuant to 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure, Plaintiffs seek a declaration by this Court.

25.     It is well settled that the district court's exercise of discretion in a declaratory judgment action should be informed by a number of prudential factors, including: (1)

considerations of practicality and efficient judicial administration; (2) the functions and limitations of the federal judicial power; (3) traditional principles of equity, comity, and federalism; (4) Eleventh Amendment and other constitutional concerns; and (5) the public interest. *Smith & Usaha, supra* note 2, at 116, *citing*. *Wilton v. Seven Falls Company, 515 U.S. 288 (1995); Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Rickover*, 369 U.S. 111 at 112-13; *Public Service Commission of Utah v. Wycoff Company*, 344 U.S. 237, 243-47 (1952). Perhaps the most important factors are whether a declaratory judgment will serve a useful purpose and resolve the controversy between the parties. *Smith & Usaha, supra not*e 2, at 116 (collecting cases); *Wilton*, 515 U.S. at 288; *Green v. Mansour*, 474 U.S. 64, 74 (1985); *Rickover*, 369 U.S. 111 at 112-13*G*; *Wycoff*, 344 U.S. at 244.

26.     The Illinois State Medicaid Plan operates under the statutory authority of Title XIX of the Social Security Act Medical Assistance Program.

27.     As a condition of receiving federal funds, HFS is required to administer the Medicaid program in the state of Illinois in compliance with the Federal Medicaid Act, 42 U.S.C. § 1396a (a) (8), and implementing regulations.

28.     Federal law requires that the Defendant make an eligibility determination on a Medicaid application within forty-five days.  *See* 42 C.F.R. §435.912.  Pursuant to 42 CFR §431.220, applicant has a right to file an Inaction Appeal when the state Medicaid agency [Defendant] has failed to timely process an individual's Medicaid application or request and obtain interim benefits for automatic approval.

29.     In *Doe 1-13 by and Through Doe Sr. 1-13 v. Chiles*, 136 F.3d 709 (1998) the court found that an action brought by disabled individuals will prevail when the action is brought against state officials, who failed to provide Medicaid services with reasonable promptness. Additionally,

21

the *Doe* court found that failing to furnish Medicaid assistance with reasonable promptness to disabled individuals should not exceed 90 days. The action was brought pursuant to 42 U.S.C. §1983 against officials, alleging unreasonable delays in providing certain services under the state Medicare program.

30. In light of the Defendant's failure to comply with federal and state Medicaid laws, the Plaintiffs have been unable to pay for their room, board, care and services at Carlyle and at St. Vincent's during their period of Medicaid ineligibility in the amounts stated above.

31. Such inaction places the Plaintiffs at risk of being discharged from Carlyle and St. Vincent's, and jeopardizes their health safety, and well-being.

32. Federal law requires the Defendant to issue a determination on an individual's Medicaid application, and requires that every applicant be timely afforded such notice and a right to appeal such decision.

33. As a direct result of the Defendant's failure to timely process their Medicaid applications, the Plaintiffs Brinkley, Brown, Cook, Fonner, Frazier, Garrison, Giuka, Hollingsworth, Kaufman, Koehler, Loudermilk, Marcoux, Mercier, Mondy, Mullins, Preston, Stuby, and Vanwinkle have failed to receive public assistance to which they are entitled pursuant to federal law.

34. The Defendant has failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to all individuals meeting specified financial eligibility standards, as required under 42 U.S.C. § 1396a(a) (10).

35. The failures by Defendants to timely pay Medicaid benefits submitted by Plaintiffs

Anderson, Elliott, Foster, Gann, Gleson, Grasseschi, Hess, Icenogle, Ishmael, Katner, Lane, Marcum, McGrew, Merry-Azimi, Morgan, Morrow, Murphy, Powell, Rose, Smith, Steffan, Toufexis, Winters, and Wrone's violates the Federal Medicaid Act and implementing regulations at 42 CFR 447.45(d).

36.     As a consequence of' the Defendants' actions as described herein, the Plaintiffs have suffered damages including compensatory, mental anguish and other damages.

37.     By failing to pay for services rendered to Medicaid approved patients, the Defendant has failed to comply with federal law, as preempted by the Supremacy Clause of the United States Constitution, Article VI. The burden placed on the Defendant, should the Court grant the relief requested in this action, is that Defendant will be required to comply with federal Medicaid laws and pay for medical services already rendered to Plaintiffs. The Defendant stand to suffer diminutive, if any, burden by the timely rendering of payment of Plaintiffs' Medicaid claims to the skilled nursing facilities in which they reside.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Court order the following equitable and declaratory relief:

a.     Assume jurisdiction over this action and maintain continuing jurisdiction until are in full compliance with every Order of this Court;

b.     Issue an Order requiring the Defendant to automatically approve the Plaintiffs' Medicaid benefits; and

c.     Issue an Order requiring the Defendant to immediately issue payment for healthcare services and expenses rendered by Petersen on Plaintiffs' behalf for those individuals who have been approved to receive Medicaid benefits; and,

d.     To take other such actions as are proper and necessary to remedy the Defendant's violations and order such equitable relief as will make Plaintiffs whole for Defendant's unlawful conduct.

## COUNT TWO – VIOLATION OF THE "AMERICANS WITH DISABILITIES ACT" ("ADA"), 42 U.S.C. §12132

38.     The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

39.     The Defendant Norwood has failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to all individuals meeting specified financial eligibility standards, as required under 42 U.S.C. § 1396a(a) (10).

40.     All of the Plaintiffs are "qualified individuals with a disability," as defined under the ADA, 42 U.S.C. § 12132 *et. seq*. and 28 C.F.R. § 35.130 *et. seq*.

41.     The Defendant's failure to afford the Plaintiffs public benefits and services, to which they are entitled under federal law, and failure to grant the residents Medicaid benefits as a reasonable accommodation, constitutes actual or predictable discrimination in violation of the ADA, 42 U.S.C. § 12132 *et seq*. and 28 C.F.R. § 35.130 *et seq*.

42.     As a consequence of' Defendant's actions as described herein, Plaintiffs have suffered damages, including compensatory, mental anguish and other damages.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Court order the following equitable and declaratory relief:

a.     Assume jurisdiction over this action and maintain continuing jurisdiction until are in full compliance with every Order of this Court;

b.     Issue an Order requiring the Defendant automatically approve the Plaintiffs' Medicaid benefits;

c.      Issue an Order requiring the Defendant to immediately issue payment for healthcare services and expenses rendered by Petersen on Plaintiffs' behalf for those individuals who have been approved to receive Medicaid benefits; and

d.      To take other such actions as are proper and necessary to remedy the Defendant's violations and order such equitable relief as will make Plaintiffs whole for Defendant's unlawful conduct.

## COUNT THREE – VIOLATION OF DUE PROCESS AND EQUAL PROTECTION (42 U.S.C. §1983)

43.      The Plaintiffs incorporate all paragraphs set out above as if fully set out herein

44.      Equal protection doctrine ensures that all similarly situated persons are treated similarly under the law. If a statute classifies people, the classification must be based on criteria related to the statute's objective. *Disabled Am. Veterans v. United States Dep't of Veterans Affairs*, 962 F.2d 136, 141 (2d Cir. 1992).

45.      The above acts were committed under color of state law by the Defendant. Said acts were committed by the Defendant by and through representatives of the Defendant acting in their official capacities pursuant to the statutes, ordinances, laws and policies of the Defendant.

46.      The Defendant acted willfully, knowingly, and purposefully with the specific intent to deprive Plaintiffs of their rights, privileges, or immunities secured by the Constitution and laws by the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. §1983.

47.      As a consequence of' the Defendant's actions as described herein, the Plaintiffs have suffered damages including compensatory, mental anguish and other damages.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Court order the following equitable and declaratory relief:

a.     Assume jurisdiction over this action and maintain continuing jurisdiction until are in full compliance with every Order of this Court;

b.     Issue an Order requiring the Defendant automatically approving the Plaintiffs' Medicaid benefits;

c.     Issue an Order requiring the Defendant to immediately issue payment for healthcare services and expenses rendered by Petersen on Plaintiffs' behalf for those individuals who have been approved to receive Medicaid benefits; and

d.     To take other such actions as are proper and necessary to remedy the Defendant's violations and order such equitable relief as will make Plaintiffs whole for Defendant's unlawful conduct.

## COUNT FOUR – TEMPORARY AND PERMANENT INJUNCTION

48.     The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

49.     The above acts were committed under color of state law by the Defendant. Said acts were committed by the Defendant by and through representatives of the Defendant acting in their official capacities pursuant to the statutes, ordinances, laws and policies of the Defendant.

50.     The Plaintiffs demand temporary and permanent injunctive relief requiring that the Defendant make an eligibility determination on their Medicaid applications within forty-five days and to permit the Plaintiffs right to file an Inaction Appeal due to the Defendant's failure to timely process their Medicaid applications or request interim benefits.

51.     Issue an Order requiring the Defendant to automatically approve the Plaintiffs' Medicaid benefits.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Court order the following equitable and declaratory relief:

a.      Assume jurisdiction over this action and maintain continuing jurisdiction until are in full compliance with every Order of this Court;

b.      Issue an Order requiring the Defendant automatically approving the Plaintiffs' Medicaid benefits;

c.      Issue an Order requiring the Defendant to immediately issue payment for healthcare services and expenses rendered by Petersen on Plaintiffs' behalf for those individuals who have been approved to receive Medicaid benefits; and

d.      To take other such actions as are proper and necessary to remedy the Defendant's violations and order such equitable relief as will make Plaintiffs whole for Defendant's unlawful conduct.

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.

Respectfully submitted,

/s/ Katie Z. Van Lake
ARDC# 6292120
SB2, Inc.
1426 N. 3rd Street, Suite 200
Harrisburg, PA 17102
Telephone: (516) 509-1289
Facsimile: (717) 909-5925
kvanlake@s-b-b.com
*Attorney for Plaintiffs*

/s/ Kimberly Dodson
Kimberly R. Dodson
SB2, Inc.
1426 N. 3rd Street, Suite 200
P.O. Box 5400
Harrisburg, PA 17110
(214) 789-4787
(717) 909-5925
kdodson@s-b-b.com
*Awaiting Pro Hac Vice Admission*