## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **PETERSEN COMPANIES, LLC[1]**, | * | |
| **as Authorized Representative of:** | | |
| | * | |
| **DAVID ANDERSON, ROSEMARY BRINKLEY,** | | |
| **ROY BROWN, ALBERTA COOK,** | * | **Honorable Judge LEE** |
| **ELLIOTT EDWARD, LELIA FONNER,** | | |
| **DELORES FOSTER, DONNABELLE FRAZIER,** | * | |
| **LADONNA GANN, DOROTHY GARRISON,** | | |
| **VIVIAN GIUKA, CARRIE GLEASON,** | * | |
| **MARY GRASSESCHI, RICHARD HESS,** | | |
| **JANET HOLLINGSWORTH,** | * | **CASE NO.: 16-cv-09922** |
| **JACK ICENOGLE, CHRISTINA ISHMAEL,** | | |
| **DAVID KATNER, WILMER KAUFMAN,** | * | |
| **LILLIAN KOEHLER, VIRGINIA LANE,** | | |
| **KATHRYN LOUDERMILK, CAROL MARCOUX,** | * | |
| **ALBERT MARCUM, RANDY MCGREW,** | | |
| **TIFFANY MERCIER,** | * | |
| **CATHERINE MERRY-AZIMI,** | | |
| **CATHERINE MONDY, LENA MORGAN,** | * | |
| **PATRICIA MORROW, NORMAN MULLINS,** | | |
| **VIRGIL MURPHY, BONNIE POWELL,** | * | |
| **FLORENCE PRESTON, DOROTHY ROSE,** | | |
| **EDWARD SMITH, MARY STEFFAN,** | * | |
| **KATHLEEN STUBY, WENDY TOUFEXIS,** | | |
| **MITCHELL VANWINKLE, ANGELA WINTERS,** | * | |
| **SHARON WRONE, REBECCA ANDERSON,** | | |
| **PATRICIA ASKEW, ROBERT BIGGINS,** | * | |
| **CURTIS COMBS, JEANETTE DAVIS,** | | |
| **EDWARD ELLIOTT, EVELYN FAGINKRANTZ,** | * | |
| **GRACIE FATHAUER, PATRICIA FELTON,** | | |
| **ELIZABETH NELSON, DAVID SIMPSON,** | * | |
| **WILLIAM SUCKACH, ANNIE TURNER,** | | |
| **SHIRLEY WELLS,** | * | |

---

[1] Federal law requires state agencies to permit applicants and beneficiaries to designate an individual or organization to act responsibly on their behalf in assisting with the individual's application and renewal of eligibility and other ongoing communications with the state agency responsible for issuing determinations on Medicaid eligibility. *See* 42 C.F.R. § 435.923.
All pertinent facts are the same as the Amended Complaint filed as an attachment to the Motion for Leave to Amend except for the caption reflecting the current parties.

|                                                                                                              |     |
| ------------------------------------------------------------------------------------------------------------ | --- |
|                                                                                                              | *   |
| **PLAINTIFFS,**                                                                                              |     |
| **v.**                                                                                                        | *   |
|                                                                                                              |     |
| **FELICIA F. NORWOOD, in her official**                                                                      | *   |
| **capacity as the Director of the Illinois**                                                                 |     |
| **Department of Healthcare and Family**                                                                      | *   |
| **Services,**                                                                                                 |     |
|                                                                                                              | *   |
| **DEFENDANT.**                                                                                               |     |

## SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

## I. PRELIMINARY STATEMENT

As a condition of receiving federal funds, the State of Illinois is required to operate the Medicaid program in compliance with the Social Security Act and implementing regulations, pursuant to 42 U.S.C. § 1396(c). This case concerns the failure of Defendant, Felicia F. Norwood, ("Defendant") the Director of the Illinois Department of Healthcare and Family Services ("HFS") to comply with her obligations to afford Medicaid benefits to residents in long-term care facilities in compliance with the federal rules and regulations of the United States. The Defendant is directly responsible for policies necessary for the implementation of a system for determination of payment for Medicaid that complies, in all aspects, with federal law. The failures by the Defendant to grant Medicaid benefits to residents of skilled nursing facilities constitute violations of the Federal Medicaid Act and implementing regulations at 42 USC § 1396u-2, 42 CFR § 438.10, and 42 USC § 1396(a), Section 1902(a)(37)(a).

## II. JURISDICTION AND VENUE

2

This action arises under the Federal Medicaid Act and implementing regulations at 42 USC § 1396u-2, 42 CFR § 438.10, and 42 USC § 1396(a), Section 1902(a)(37)(a). Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§1331, 1343(k) and 28 U.S.C. §§2201 and 2202. This is a suit authorized and instituted pursuant to the Federal Medicaid Act and implementing regulations. Additionally, the jurisdiction of this court is invoked to secure protection to redress the deprivation under color of state law, statute, custom and/or usage of a right, privilege and/or immunity secured to Plaintiffs by the Fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. §1983 and other state tort claims. Venue lies in this forum pursuant to 28 U.S.C. § 1391(e).

### III.    <u>PARTIES</u>

1.    Petersen Companies, LLC ("Petersen") is headquartered in Peoria, Illinois. Peterson owns and operates twenty-four hour skilled nursing home facilities located in the State of Illinois.

2.    Certain individual residents at Petersen healthcare facilities, who submitted Medicaid applications for which a decision to grant or deny benefits was excessively delayed and in fact is still pending by the Illinois Department of Healthcare and Family Services:

> a.    Rosemary Brinkley was admitted to a Petersen skilled nursing facility on or about April 10, 2015 ("Brinkley" or "Plaintiff"). Brinkley submitted her Medicaid application on or about April 13, 2015, and is pending approval and/or decision by HFS. Brinkley suffers from schizophrenia, among other severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Brinkley's outstanding balance at Petersen is approximately

Seventy-Four Thousand Seven Hundred Forty-Three Dollars and Fifty Cents ($74,743.50).

b. Roy Brown was admitted to a Petersen skilled nursing facility on or about August 25, 2014 ("Brown" or "Plaintiff"). Brown submitted his Medicaid application on or about February 13, 2014, and is pending approval and/or decision by HFS. Brown suffers from essential primary hypertension and cerebral aneurysm, among other severe medical conditions. He requires twenty-four hour skilled nursing care at a Petersen facility. Brown's outstanding balance at Petersen is approximately Ninety-Eight Thousand Three Hundred Fifty-Two Dollars and Ninety-Nine Cents ($98,352.99).

c. Alberta Cook was admitted to a Petersen skilled nursing facility on February 15, 2016 ("Cook" or "Plaintiff"). Cook submitted her Medicaid application on or about March 23, 2016, and is pending approval and/or decision by HFS. Cook suffers from dementia and osteoarthritis, among other severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Cook's outstanding balance at Petersen is approximately Sixty-Five Thousand Seven Hundred Thirty Dollars and Sixty-One Cents ($65,730.61).

d. Lelia Fonner was admitted to a Petersen skilled nursing facility on or about June 29, 2013 ("Fonner" or "Plaintiff"). Fonner submitted her Medicaid application on or about August 6, 2015, and is pending approval and/or decision by HFS. Fonner suffers from severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Fonner's outstanding balance at

Petersen is approximately Twenty-One Thousand Three Hundred Sixteen Dollars and Fifty-Two Cents ($94,716.36).

e. Donnabelle Frazier was admitted to a Petersen skilled nursing facility on or about December 3, 2012 ("Frazier" or "Plaintiff"). Frazier submitted her Medicaid application on or about February 2, 2013, and is pending approval and/or decision by HFS. Frazier suffers from dementia and macular degeneration, amongst other severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Frazier's outstanding balance at Petersen is approximately One Hundred Fifty-Two Thousand Eight Hundred Thirty-Eight Dollars and Sixty-Six Cents ($152,838.66).

f. Dorothy Garrison was admitted to a Petersen skilled nursing facility on or about November 21, 2014 ("Garrison" or "Plaintiff"). Garrison submitted her Medicaid application on or about January 20, 2016, and is pending approval and/or decision by HFS. Garrison suffers from severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Frazier's outstanding balance at Petersen is approximately Seventy-Eight Thousand One Hundred Thirty-Four Dollars and Fifty-Nine Cents ($78,134.59).

g. Vivian Giuka was admitted to a Petersen skilled nursing facility on or about November 3, 2014 ("Giuka" or "Plaintiff"). Giuka submitted her Medicaid application on or about February 19, 2015, and is pending approval and/or decision by HFS. Giuka suffers from essential hypertension and atherosclerosis, amongst other severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Giuka's outstanding balance at Petersen is

5

approximately One Hundred Four Thousand Seven Hundred Eleven Dollars and Eighty-One Cents ($104,711.81).

h. Janet Hollingsworth was admitted to a Petersen skilled nursing facility on or about October 31, 2013 ("Hollingsworth" or "Plaintiff"). Hollingsworth submitted her Medicaid application on or about October 31, 2013, and is pending approval and/or decision by HFS. Hollingsworth suffers from epilepsy and hypertension, amongst other severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Hollingsworth's outstanding balance at Petersen is approximately One Hundred Twenty-Six Thousand Eighty-Four Dollars and Forty-Seven Cents ($126,084.47).

i. Wilmer Kaufman was admitted to a Petersen skilled nursing facility on or about October 27, 2014 ("Kaufman" or "Plaintiff"). Kaufman submitted his Medicaid application on or about October 28, 2014, and is pending approval and/or decision by HFS. Kaufman suffers from kidney failure and muscle weakness, amongst other severe medical conditions. He requires twenty-four hour skilled nursing care at a Petersen facility. Kaufman's outstanding balance at Petersen is approximately One Hundred Two Thousand Four Hundred Forty-Five Dollars and Eighty-Eight Cents ($102,445.88).

j. Lillian Koehler was admitted to a Petersen skilled nursing facility on or about December 11, 2014 ("Koehler" or "Plaintiff"). Koehler submitted her Illinois Form 3654 on or about December 11, 2014, and is pending approval and/or decision by HFS. Koehler suffers from severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Koehler's

outstanding balance at Petersen is approximately Eighty-Six Thousand Thirty-Seven Dollars and Sixty-Four Cents ($86,037.64).

k. Kathryn Loudermilk was admitted to a Petersen skilled nursing facility on or about July 21, 2015 ("Loudermilk" or "Plaintiff"). Loudermilk submitted her Medicaid application on or about January 26, 2016, and is pending approval and/or decision by HFS. Loudermilk suffers from vascular disease, amongst other severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Loudermilk's outstanding balance at Petersen is approximately Seventy Thousand One Hundred Sixteen Dollars and Forty Cents ($70,116.40).

l. Carol Marcoux was admitted to a Petersen skilled nursing facility on or about March 3, 2015 ("Marcoux" or "Plaintiff"). Marcoux submitted her Medicaid application on or about March 14, 2015, and is pending approval and/or decision by HFS. Marcoux suffers from muscle weakness, amongst other severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Marcoux' outstanding balance at Petersen is approximately Seventy-One Thousand One Hundred Sixty-Three Dollars and Forty-Nine Cents ($71,163.49).

m. Tiffany Mercier was admitted to a Petersen skilled nursing facility on or about March 31, 2014 ("Mercier" or "Plaintiff"). Mercier submitted her Medicaid application on or about June 21, 2016, and is pending approval and/or decision by HFS. Mercier suffers from hypertension and is bipolar, amongst other severe medical conditions. She requires twenty-four hour skilled nursing care at a

7

Petersen facility. Mercier's outstanding balance at Petersen is approximately Eighty-Eight Thousand Seven Hundred Twenty-Three Dollars and Ninety-Seven Cents ($88,723.97).

n. Catherine Mondy was admitted to a Petersen skilled nursing facility on or about April 16, 2015 ("Mondy" or "Plaintiff"). Mondy submitted her Medicaid application on or about April 20, 2015, and is pending approval and/or decision by HFS. Mondy suffers from Alzherimer's disease, amongst other severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Mondy's outstanding balance at Petersen is approximately Seventy-Three Thousand Seven Hundred Sixty-One Dollars and Seventy Cents ($73,761.70).

o. Norman Mullins was admitted to a Petersen skilled nursing facility on or about January 29, 2015 ("Mullins" or "Plaintiff"). Mullins submitted his Medicaid application on or about March 3, 2014, and is pending approval and/or decision by HFS. Mullins suffers from severe medical conditions. He requires twenty-four hour skilled nursing care at a Petersen facility. Mullins's outstanding balance at Petersen is approximately Ninety-Seven Thousand Two Hundred Twenty-Eight Dollars and Seventy-One Cents ($97,228.71).

p. Florence Preston was admitted to a Petersen skilled nursing facility on or about December 20, 2014 ("Preston" or "Plaintiff"). Preston submitted her Medicaid application on or about December 31, 2014, and is pending approval and/or decision by HFS. Preston suffers from severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Preston's outstanding

balance at Petersen is approximately Ninety Thousand Four Hundred Thirty-Seven Dollars and Sixty-Four Cents ($90,437.64).

q. Kathleen Stuby was admitted to a Petersen skilled nursing facility on or about May 13, 2015 ("Stuby" or "Plaintiff"). Stuby submitted her Medicaid application on or about August 4, 2015, and is pending approval and/or decision by HFS. Stuby suffers from a cerebral aneurysm, amongst other severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Stuby's outstanding balance at Petersen is approximately Sixty-Seven Thousand Four Hundred Seventy-Two Dollars and Twenty-Five Cents ($67,472.25).

r. Mitchell Vanwinkle was admitted to a Petersen skilled nursing facility on or about September 9, 2014 ("Vanwinkle" or "Plaintiff"). Vanwinkle submitted his Medicaid application on or about October 6, 2015, and is pending approval and/or decision by HFS. Vanwinkle suffers from severe medical conditions. He requires twenty-four hour skilled nursing care at a Petersen facility. Vanwinkle's outstanding balance at Petersen is approximately One Hundred Thousand Eight Hundred Three Dollars and Eleven Cents ($100,803.11).

s. Rebecca Anderson was admitted to a Petersen skilled nursing facility on or about May 9, 2015 ("Anderson" or "Plaintiff"). Anderson submitted her Medicaid application on or about June 25, 2015, and is pending approval and/or decision by HFS. Anderson suffers from severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Anderson's outstanding

balance at Petersen is approximately Seventy-Two Thousand Six Hundred Forty-Two Dollars and Fourteen Cents ($72,642.14).

t.  Patricia Askew was admitted to a Petersen skilled nursing facility on or about November 6, 2014 ("Askew" or "Plaintiff").  Askew submitted her Medicaid application on or about August 27, 2015, and is pending approval and/or decision by HFS.  Askew suffers from severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Askew's outstanding balance at Petersen is approximately Sixty-Nine Thousand Seven Hundred Forty Dollars and Forty-Two Cents ($69,740.42).

u.  Robert Biggins was admitted to a Petersen skilled nursing facility on or about July 25, 2014 ("Biggins" or "Plaintiff").   Biggins submitted his Medicaid application on or about February 4, 2016, and is pending approval and/or decision by HFS.  Biggins suffers from severe medical conditions. He requires twenty-four hour skilled nursing care at a Petersen facility. Biggins' outstanding balance at Petersen is approximately Seventy-Three Thousand Four Hundred Thirty-Five Dollars and Forty-Four Cents ($73,435.44).

v.  Curtis Combs was admitted to a Petersen skilled nursing facility on or about July 1, 2014 ("Combs" or "Plaintiff").  Combs submitted his Medicaid application on or about June 10, 2014 and is pending approval and/or decision by HFS.  Combs suffers from severe medical conditions. He requires twenty-four hour skilled nursing care at a Petersen facility. Comb's outstanding balance at Petersen is approximately One Hundred Fifteen Thousand Five Hundred Forty-Nine Dollars and Seventy-One Cents ($115,549.71).

w. Jeanette Davis was admitted to a Petersen skilled nursing facility on or about March 30, 2014 ("Davis" or "Plaintiff"). Davis submitted her Medicaid application in or around October of 2015, and is pending approval and/or decision by HFS. Davis suffers from severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Davis' outstanding balance at Petersen is approximately Seventy-One Thousand Five Hundred Sixty-Six Dollars and Sixty-Two Cents ($71,566.62).

x. Patricia Felton was admitted to a Petersen skilled nursing facility on or about March 4, 2015 ("Felton" or "Plaintiff"). Felton submitted her Medicaid application on or about February 15, 2016, and is pending approval and/or decision by HFS. Felton suffers from severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Felton's outstanding balance at Petersen is approximately Seventy-Six Thousand Forty-Two Dollars and Seventy-Eight Cents ($76,042.78).

y. William Suckach was admitted to a Petersen skilled nursing facility on or about June 12, 2015. ("Suckach" or "Plaintiff"). Suckach submitted his Medicaid application on or about June 17, 2015, and is pending approval and/or decision by HFS. Suckach suffers from severe medical conditions. He requires twenty-four hour skilled nursing care at a Petersen facility. Suckach's outstanding balance at Petersen is approximately Sixty-Seven Thousand Four Hundred Seventy-Nine Dollars and Twenty-Seven Cents ($67,479.27).

z. Shirley Wells was admitted to a Petersen skilled nursing facility on or about February 11, 2014 ("Wells" or "Plaintiff"). Wells submitted her Medicaid

application on or about February 28, 2014, and is pending approval and/or decision by HFS. Wells suffers from severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Wells' outstanding balance at Petersen is approximately One Hundred Thirty-TwoThousand One Hundred Twenty-Nine Dollars and Ninety-Nine Cents ($132,129.99).

3.    Certain individual residents at Petersen healthcare facilities, who submitted Medicaid applications were approved to receive Medicaid benefits and for whom the Illinois Department of Healthcare and Family Services excessively delayed payment of healthcare and services rendered by Petersen healthcare facilities:

a.    David Anderson was admitted to a Petersen skilled nursing facility on or about July 8, 2014 ("Anderson" or "Plaintiff"). Anderson was approved to receive Medicaid benefits beginning or about February 1, 2015. Anderson suffers from major depressive disorder and type 2 diabetes, among other severe medical conditions. He requires twenty-four hour skilled nursing care at a Petersen facility. Anderson's outstanding balance at Petersen is approximately Eighty-Two Thousand Five Hundred Ninety-Nine Dollars and Sixty-Four Cents ($82,599.64).

b.    Edward Elliott was admitted to a Petersen skilled nursing facility on or about September 17, 2012 ("Elliott" or "Plaintiff"). Elliott was approved to receive Medicaid benefits with benefits to begin from October 1, 2012. Elliott suffers from severe medical conditions. He requires twenty-four hour skilled nursing care at a Petersen facility. Elliott's outstanding balance at Petersen is

approximately Seventy-Five Thousand Four Hundred Seventy-Nine Dollars and Eighty-One Cents ($75,479.81).

c. Delores Foster was admitted to a Petersen skilled nursing facility on or about August 22, 2014 ("Foster" or "Plaintiff"). Foster applied for Medicaid benefits on or about September 2, 2014 and was approved to receive Medicaid benefits. Foster suffers from senile dementia amongst other severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Foster's outstanding balance at Petersen is approximately Eighty-Five Thousand Six Hundred Ninety-Five Dollars and Sixty-One Cents ($85,695.61).

d. Ladonna Gann was admitted to a Petersen skilled nursing facility on or about June 11, 2015 ("Gann" or "Plaintiff"). Gann applied for Medicaid benefits on or about July 8, 2015 and was approved to receive Medicaid benefits. Gann suffers from severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Gann's outstanding balance at Petersen is approximately Sixty-Nine Thousand Three Hundred Sixty-Seven Dollars and Fourteen Cents ($69,367.14).

e. Carrie Gleason was admitted to a Petersen skilled nursing facility on or about August 12, 2015 ("Gleason" or "Plaintiff"). Gleason applied for Medicaid benefits on or about April 1, 2015 and was approved to receive Medicaid benefits. Gleason suffers from severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Gleason's outstanding balance at Petersen is approximately Seventy-Three Thousand Eight Hundred Forty-Five Dollars and Twenty-Eight Cents ($73,845.28).

f.  Mary Grasseschi was admitted to a Petersen skilled nursing facility on or about December 26, 2014 ("Grasseschi" or "Plaintiff").  Grasseschi applied for Medicaid benefits on or about June 30, 2015 and was approved to receive Medicaid benefits.  Grasseschi suffers from severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Grasseschi's outstanding balance at Petersen is approximately Sixty-Five Thousand Three Hundred Twenty-Three Dollars and Fifty-Three Cents ($65,323.53).

g.  Richard Hess was admitted to a Petersen skilled nursing facility on or about April 7, 2015 ("Hess" or "Plaintiff").  Hess applied for Medicaid benefits on or about March 11, 2015 and was approved to receive Medicaid benefits.  Hess suffers from dementia and other severe medical conditions. He requires twenty-four hour skilled nursing care at a Petersen facility. Hess's outstanding balance at Petersen is approximately Seventy-Six Thousand Six Hundred Twenty-Three Dollars and Forty-Eight Cents ($76,623.48).

h.  Jack Icenogle was admitted to a Petersen skilled nursing facility on or about April 30, 2014 ("Icenogle" or "Plaintiff").  Icenogle applied for Medicaid benefits on or about August 28, 2015 and was approved to receive Medicaid benefits.  Icenogle suffers from dementia and hypertension, amongst other severe medical conditions. He requires twenty-four hour skilled nursing care at a Petersen facility. Icenogle's outstanding balance at Petersen is approximately Seventy-Three Thousand Eight Hundred Eighty-Nine Dollars and Seventy-Seven Cents ($73,889.77).

i.  Christina Ishmael was admitted to a Petersen skilled nursing facility on or about November 25, 2014 ("Ishmael" or "Plaintiff").  Ishmael applied for Medicaid benefits on or about April 1, 2016 and was approved to receive Medicaid benefits.  Ishmael suffers from delirium, amongst other severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Ishmael's outstanding balance at Petersen is approximately Ninety-Two Thousand One Hundred Fifty-Seven Dollars and Thirteen Cents ($92,157.13).

j.  David Katner was admitted to a Petersen skilled nursing facility on or about December 24, 2014 ("Katner" or "Plaintiff").  Katner applied for Medicaid benefits on or about January 15, 2015 and was approved to receive Medicaid benefits.  Katner suffers from congestive heart failure, amongst other severe medical conditions. He requires twenty-four hour skilled nursing care at a Petersen facility. Katner's outstanding balance at Petersen is approximately One Hundred Six Thousand Eighteen Dollars and Five Cents ($106,018.05).

k.  Virginia Lane was admitted to a Petersen skilled nursing facility on or about August 13, 2012 ("Katner" or "Plaintiff").  Lane applied for Medicaid benefits on or about March 31, 2014 and was approved to receive Medicaid benefits. Lane suffers from acute kidney failure, amongst other severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Lane's outstanding balance at Petersen is approximately One Hundred One Thousand Seven Hundred Twenty-Six Dollars and Eight Cents ($101,726.08).

l.  Albert Marcum was admitted to a Petersen skilled nursing facility on or about October 17, 2013 ("Marcum" or "Plaintiff").  Marcum applied for Medicaid

benefits on or about September 2, 2014 and was approved to receive Medicaid benefits. Marcum suffers from Alzheimer's disease, amongst other severe medical conditions. He requires twenty-four hour skilled nursing care at a Petersen facility. Marcum's outstanding balance at Petersen is approximately Ninety Thousand One Hundred Ninety-Four Dollars and Sixty-Three Cents ($90,194.63).

m. Randy McGrew was admitted to a Petersen skilled nursing facility on or about May 11, 2015 ("McGrew" or "Plaintiff"). McGrew submitted Illinois Form 3654 on or about May 12, 2015 and was approved to receive Medicaid benefits. McGrew suffers from gastrostomy, amongst other severe medical conditions. He requires twenty-four hour skilled nursing care at a Petersen facility. McGrew's outstanding balance at Petersen is approximately Sixty-Five Thousand Three Hundred Fifty Dollars and Ninety-Five Cents ($65,350.95).

n. Catherine Merry-Azimi was admitted to a Petersen skilled nursing facility on or about December 20, 2013 ("Merry-Azimi" or "Plaintiff"). Merry-Azimi applied for Medicaid benefits on or about May 12, 2015 and was approved to receive Medicaid benefits. Merry-Azimi suffers from severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Merry-Azimi's outstanding balance at Petersen is approximately Eighty-Nine Thousand Four Hundred Forty-One Dollars and Nine Cents ($89,441.09).

o. Lena Morgan was admitted to a Petersen skilled nursing facility on or about December 26, 2011 ("Morgan" or "Plaintiff"). Morgan applied for Medicaid benefits on or about March 8, 2014 and was approved to receive Medicaid

benefits. Morgan suffers from chronic ischemic heart disease, cognitive impairment, amongst other severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Morgan's outstanding balance at Petersen is approximately Eighty Thousand Seven Hundred Thirty-Two Dollars and Twenty Cents ($80,732.20).

p. Patricia Morrow was admitted to a Petersen skilled nursing facility on or about October 14, 2014 ("Morrow" or "Plaintiff"). Morrow applied for Medicaid benefits on or about January 9, 2015 and was approved to receive Medicaid benefits. Morrow suffers from severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Morrow's outstanding balance at Petersen is approximately Eighty-Three Thousand Seven Hundred Seventeen Dollars and Twenty-One Cents ($83,717.21).

q. Virgil Murphy was admitted to a Petersen skilled nursing facility on or about September 30, 2014 ("Murphy" or "Plaintiff"). Murphy applied for Medicaid benefits on or about June 3, 2014 and was approved to receive Medicaid benefits. Murphy suffers from severe medical conditions. He requires twenty-four hour skilled nursing care at a Petersen facility. Murphy's outstanding balance at Petersen is approximately Sixty-Nine Thousand Three Hundred Sixty-Seven Dollars and Fourteen Cents ($69,367.14).

r. Bonnie Powell was admitted to a Petersen skilled nursing facility on or about October 7, 2015 ("Powell" or "Plaintiff"). Powell applied for Medicaid benefits on or about December 15, 2014 and was approved to receive Medicaid benefits. Powell suffers from severe medical conditions. She requires twenty-four hour

skilled nursing care at a Petersen facility. Powell's outstanding balance at Petersen is approximately Ninety-Eight Thousand Eight Hundred Forty-Nine Dollars and Forty Cents ($98,849.40).

s.  Dorothy Rose was admitted to a Petersen skilled nursing facility on or about August 10, 2013 ("Rose" or "Plaintiff"). Rose applied for Medicaid benefits on or about December 22, 2014 and was approved to receive Medicaid benefits. Rose suffers from severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Rose's outstanding balance at Petersen is approximately Eighty Thousand Seven Hundred Ninety-Nine Dollars and Fifty-Eight Cents ($80,799.58).

t.  Edward Smith was admitted to a Petersen skilled nursing facility on or about February 16, 2012 ("Smith" or "Plaintiff"). Smith applied for Medicaid benefits on or about February 1, 2015 and was approved to receive Medicaid benefits in or around November, 2015. Smith suffers from schizoaffective disorder, amongst other severe medical conditions. He requires twenty-four hour skilled nursing care at a Petersen facility. Smith's outstanding balance at Petersen is approximately Eighty-Five Thousand Nine Hundred Ninety-Seven Dollars and Ninety-Eight Cents ($85,997.98).

u.  Mary Steffan was admitted to a Petersen skilled nursing facility on or about June 24, 2014 ("Steffan" or "Plaintiff"). Steffan applied for Medicaid benefits and was approved to receive Medicaid benefits. Steffan suffers from chronic obstructive pulmonary disease, amongst other severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Steffan's

outstanding balance at Petersen is approximately Ninety-Nine Thousand Nine Hundred Fifty-Eight Dollars and Twenty-Four Cents ($99,958.24).

v. Wendy Toufexis was admitted to a Petersen skilled nursing facility on or about October 26, 2010 ("Toufexis" or "Plaintiff"). Toufexis applied for Medicaid benefits on or about April 14, 2015 and was approved to receive Medicaid benefits to begin from January 1, 2015. Toufexis suffers from multiple severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Toufexis's outstanding balance at Petersen is approximately One Hundred Thousand Eight Hundred Seventy-Seven Dollars and Sixty-Four Cents ($100,877.64).

w. Angela Winters was admitted to a Petersen skilled nursing facility on or about April 1, 2011 ("Winters" or "Plaintiff"). Winters applied for Medicaid benefits on or about May 12, 2015 and was approved to receive Medicaid benefits. Winters suffers from cognitive impairment, amongst other severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Winters's outstanding balance at Petersen is approximately Eighty-Four Thousand Eight Hundred Seventy-Three Dollars and Three Cents ($84,873.03).

x. Sharon Wrone was admitted to a Petersen skilled nursing facility on or about November 20, 2015 ("Wrone" or "Plaintiff"). Wrone applied for Medicaid benefits on or about February 5, 2015 and was approved to receive Medicaid benefits. Wrone suffers from type 2 diabetes and hypertension, amongst other severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Wrone's outstanding balance at Petersen is approximately

Seventy-Five Thousand Five Hundred Eleven Dollars and Sixty-Four Cents ($75,511.64).

y. Elliott Edward was admitted to a Petersen skilled nursing facility on or about September 17, 2012 ("Edward" or "Plaintiff"). Edward applied for Medicaid benefits on or about October 1, 2012 and was approved to receive Medicaid benefits. Edward suffers from Alzheimer's disease, amongst other severe medical conditions. He requires twenty-four hour skilled nursing care at a Petersen facility. Edward's outstanding balance at Petersen is approximately Seventy-Five Thousand Four Hundred Seventy-Nine Dollars and Eighty-One Cents ($75,479.81).

z. Evelynn Faginkrantz was admitted to a Petersen skilled nursing facility on or about February 1, 2013 ("Faginkrantz" or "Plaintiff"). Faginkrantz applied for Medicaid benefits on or about March 13, 2015 and was approved to receive Medicaid benefits. Faginkrantz suffers from severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Faginkrantz' outstanding balance at Petersen is approximately One Hundred Thirty-Six Thousand Three Hundred Sixty-Eight Dollars and Twenty-Four Cents ($136,368.24).

aa. Gracie Fathauer was admitted to a Petersen skilled nursing facility on or about September 25, 2014 ("Fathauer" or "Plaintiff"). Fathauer applied for Medicaid benefits on or about November 5, 2014 and was approved to receive Medicaid benefits. Fathauer suffers severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Fathauer's outstanding balance

at Petersen is approximately One Hundred Three Thousand Nine Hundred Seventy-Five Dollars and Forty-Seven Cents (103,975.47).

bb. Elizabeth Nelson was admitted to a Petersen skilled nursing facility on or about March 31, 2015 ("Nelson" or "Plaintiff"). Nelson applied for Medicaid benefits on or about February 5, 2015 and was approved to receive Medicaid benefits. Nelson suffers from severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Nelson's outstanding balance at Petersen is approximately Eighty-Nine Thousand Eight Hundred Thirty Dollars and Eleven Cents ($89,830.11).

cc. David Simpson was admitted to a Petersen skilled nursing facility on or about May 13, 2009 ("Simpson" or "Plaintiff"). Simpson applied for Medicaid benefits on or about April 14, 2015 and was approved to receive Medicaid benefits. Simpson suffers from acute kidney failure, amongst other severe medical conditions. He requires twenty-four hour skilled nursing care at a Petersen facility. Simpson's outstanding balance at Petersen is approximately One Hundred Eighteen Thousand Four Hundred Seven Dollars and Twenty-Seven Cents ($118,407.27).

dd. Annie Turner was admitted to a Petersen skilled nursing facility on or about November 20, 2015 ("Turner" or "Plaintiff"). Turner applied for Medicaid benefits on or about February 5, 2015 and was approved to receive Medicaid benefits. Turner suffers from Alzheimer's disesase, amongst other severe medical conditions. She requires twenty-four hour skilled nursing care at a Petersen facility. Turner's outstanding balance at Petersen is approximately One

Hundred Thirty-Two Thousand One Hundred Twenty-Nine Dollars and Ninety-Nine Cents ($132,129.99).

4. The Illinois Department of Healthcare and Family Services ("HFS" or "Defendant") is an Illinois state agency that provides Medicaid services to enrollees in Illinois. HFS is the sole state agency administering Medicaid in the State of Illinois.

5. The Felicia F. Norwood, is the Director of HFS ("Norwood" or "Defendant"), and at all times material to this Complaint acted under color of state law in administering the regulations, customs, policies, and practices material herein. She is sued in her official capacity only.

## IV. STATEMENT OF FACTS

1. The Illinois State Medicaid Plan operates under the statutory authority of Title XIX of the Social Security Act Medical Assistance Program.

2. As a condition of receiving federal funds, HFS is required to administer the Medicaid program in the state of Illinois in compliance with the Federal Medicaid Act, 42 U.S.C. § 1396a(a)(8), and implementing regulations.

3. Federal law requires that the Defendant make an eligibility determination on a Medicaid application within forty-five days. *See* 42 C.F.R . §435.912.

4. Pursuant to 42 CFR §431.220, applicant has a right to file an appeal ("Inaction Appeal") when the state Medicaid agency [Defendant] has failed to timely process an individual's Medicaid application or request and obtain interim benefits for automatic approval.

**42 CFR §431.220   When a hearing is required.**

(a) The State agency must grant an opportunity for a hearing to the following:

(1) Any applicant who requests it because his claim for services is denied or is not acted upon with reasonable promptness.

22

(2) Any beneficiary who requests it because he or she believes the agency has taken an action erroneously.

(3) Any resident who requests it because he or she believes a skilled nursing facility or nursing facility has erroneously determined that he or she must be transferred or discharged.

(4) Any individual who requests it because he or she believes the State has made an erroneous determination with regard to the preadmission and annual resident review requirements of section 1919(e)(7) of the Act.

(5) Any MCO, PIHP, or PAHP enrollee who is entitled to a hearing under subpart F of part 438 of this chapter.

(6) Any enrollee in a non-emergency medical transportation PAHP (as that term is defined in §438.9 of this chapter) who has an action as stated in this subpart.

(7) Any enrollee who is entitled to a hearing under subpart B of part 438 of this chapter.

5.      In *Doe 1-13 by and Through Doe Sr. 1-13 v. Chiles,* 136 F.3d 709 (1998) the court found that an action brought by disabled individuals will prevail when the action is brought against state officials, who failed to provide Medicaid services with reasonable promptness. Additionally, the *Doe* court found that failing to furnish Medicaid assistance with reasonable promptness to disabled individuals should not exceed 90 days. The action was brought pursuant to 42 U.S.C. § 1983 against officials, alleging unreasonable delays in providing certain services under the state Medicare program.  Additionally, in *Brown v. Luna*, 735 F.Supp. 762 (M.D. Tenn., 1990) the Court held that "[a]ll applications pending more than 90 days without an eligibility

decision [were to] be awarded interim Medicaid benefits unless [the Agency had] documented that the application has been delayed for good cause."

6.      In 2008, Congress passed legislation requiring all states to implement electronic asset verification programs ("AVP") to obtain information regarding the financial resources of Medicaid applicants, including those seeking Medicaid coverage for long-term care.  42 U.S.C. §1396w. This requirement has been codified in the federal Medicaid regulations. 42 CFR §435.945(j).

7.      Federal law imposes on Medicaid agencies an affirmative duty to obtain information regarding a Medicaid applicant's eligibility.  This duty exists independent of the actions of the Medicaid applicant and is consequently not dependent on the extent of an applicant's efforts to obtain eligibility information, or on an applicant's request for assistance. 42 CFR § 435.952.  Furthermore, Medicaid agencies are not permitted to ask applicants to produce information unless that information is unavailable electronically.  42 C.F.R. § 435.952(c).

8.      The Defendant did not seek to obtain any of the Plaintiffs' information electronically via AVP.  Nor did the Defendant try to obtain Plaintiffs' information from secondary sources.  Instead, the Defendant placed the burden of providing information entirely on the Plaintiffs.  These actions violate federal law, which requires agencies to obtain and use items of information relating to Medicaid applicants and beneficiaries to "prevent ineligibility and incorrect payments."  42 CFR 435.953(a).  No steps are taken by the Defendant to prevent the ineligibility of the Plaintiffs.

9.      In light of the Defendant's failure to comply with federal and state Medicaid laws, the Plaintiffs have been unable to pay for their room, board, care and services at Petersen facilities during their period of Medicaid ineligibility in the amounts stated above.

24

10.     Such inaction by the Defendant places the Plaintiffs at risk of being discharged from Petersen facilities, and jeopardizes their health safety, and well-being.

11.     Federal law requires the Defendant to issue a determination on an individual's Medicaid application, and requires that every applicant be timely afforded such notice and a right to appeal such decision.

12.     As a direct result of the Defendant's failure to timely process their Medicaid applications, Plaintiffs Brinkley, Brown, Cook, Fonner, Frazier, Garrison, Giuka, Hollingsworth, Kaufman, Koehler, Loudermilk, Marcoux, Mercier, Mondy, Mullins, Preston, Stuby, Vanwinkle, Anderson, Askew, Biggins, Combs, Davis, Felton, Suckach, and Wells, have failed to receive public assistance to which they are entitled pursuant to federal law.

13.     The Defendant has failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to all individuals meeting specified financial eligibility standards, as required under 42 U.S.C. § 1396a(a)(10).

14.     All of the Plaintiffs are "qualified individuals with a disability," as defined under the ADA, 42 U.S.C. § 12132 *et. seq.,* the Rehabilitation Act of 1973, 29 U.S.C. § 705 *et. seq.*, and 28 C.F.R. § 35.130 *et. seq.*

15.     The Defendant's failure to afford the Plaintiffs public benefits and services, to which they are entitled under federal law, and failure to grant the Residents Medicaid benefits as a reasonable accommodation, constitutes actual or predictable discrimination in violation of the ADA, 42 U.S.C. § 12132 *et seq.,* the Rehabilitation Act of 1973, 29 U.S.C. § 705 *et. seq.*, and 28 C.F.R. § 35.130 e*t seq.*

16.     By failing to pay for services rendered to Medicaid approved patients, the Defendant has failed to comply with federal law, as preempted by the Supremacy Clause of the United States Constitution, Article VI. The burden placed on the Defendant, should the Court grant the relief requested in this action, is that Defendant will be required to comply with federal Medicaid laws and pay for medical services already rendered to Plaintiffs. The Defendant stand to suffer diminutive, if any, burden by the timely rendering of payment of Plaintiffs' Medicaid claims to the skilled nursing facilities in which they reside.

17.     The Illinois State Medicaid Plan operates under the statutory authority of Title XIX of the Social Security Act Medical Assistance Program.

18.     As a condition of receiving federal funds, the Defendant is required to administer the Medicaid program in the State of Ohio in compliance with the Federal Medicaid Act, 42 U.S.C. §1396a(a)(8), and implementing regulations.

19.     The Defendant has failed/refused to pay within one year Medicaid claims made by the Plaintiffs, pursuant to 42 C.F.R. 447.45(d) which states as follows:

*Timely processing of claims.*

**(1)** The Medicaid agency must require providers to submit all claims no later than 12 months from the date of service

......

**(4)** The agency must pay all other claims within 12 months of the date of receipt…[exceptions are excluded as are not applicable.]

42 C.F.R. 447.45(d).

20.     Due to the Defendant's failure to pay Plaintiffs Anderson, Elliott, Foster, Gann, Gleson, Grasseschi, Hess, Icenogle, Ishmael, Katner, Lane, Marcum, McGrew, Merry-Azimi, Morgan, Morrow, Murphy, Powell, Rose, Smith, Steffan, Toufexis, Winters, Wrone, Edward,

Faginkrantz, Fathauer, Nelson, Simpson, and Turner, timely filed claims, the Defendant has failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to the Plaintiffs' residents, who meet the financial eligibility standards, as required under 42 U.S.C. §1396a(a)(10).

21.     By failing to pay for services rendered to Medicaid approved patients, Defendant has failed to comply with federal law as preempted by the Supremacy Clause of the United States Constitution, Article VI.

22.     The burden placed on Defendant, should the Court grant the relief requested in this action, is that Defendant will be required to comply with federal Medicaid laws and properly pay the Plaintiffs in accordance with the regulations and federal law.  The Defendant stands to suffer diminutive, if any, burden by the timely rendering of payment of Plaintiffs' Medicaid claims to the Plaintiffs.

## V. CAUSES OF ACTION

## COUNT ONE  - DECLARATORY JUDGMENT RELIEF

23.     Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

24.     Pursuant to 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure, Plaintiffs seek a declaration by this Court.

25.     It is well settled that the district court's exercise of discretion in a declaratory judgment action should be informed by a number of prudential factors, including: (1) considerations of practicality and efficient judicial administration; (2) the functions and limitations of the federal judicial power; (3) traditional principles of equity, comity, and federalism; (4) Eleventh Amendment and other constitutional concerns; and (5) the public interest. *Smith & Usaha, supra note 2*, at 116, *citing* . *Wilton v. Seven Falls Company, 515 U.S. 288 (1995); Green*

*v. Mansour*, 474 U.S. 64, 72-74 (1985); *Rickover*, 369 U.S. 111 at 112-13; *Public Service Commission of Utah v. Wycoff Company*, 344 U.S. 237, 243-47 (1952). Perhaps the most important factors are whether a declaratory judgment will serve a useful purpose and resolve the controversy between the parties. *Smith & Usaha, supra not*e 2, at 116 (collecting cases); *Wilton*, 515 U.S. at 288; *Green v. Mansour*, 474 U.S. 64, 74 (1985); *Rickover*, 369 U.S. 111 at 112-13*G*; *Wycoff*, 344 U.S. at 244.

26.     The Illinois State Medicaid Plan operates under the statutory authority of Title XIX of the Social Security Act Medical Assistance Program.

27.     As a condition of receiving federal funds, HFS is required to administer the Medicaid program in the state of Illinois in compliance with the Federal Medicaid Act, 42 U.S.C. § 1396a(a)(8), and implementing regulations.

28.     Federal law requires that the Defendant make an eligibility determination on a Medicaid application within forty-five days.  *See* 42 C.F.R . §435.912.  Pursuant to 42 C.F.R. §431.220, applicant has a right to file an Inaction Appeal when the state Medicaid agency [Defendant] has failed to timely process an individual's Medicaid application or request and obtain interim benefits for automatic approval.

29.     Federal law requires the Defendant to pay within one year Medicaid claims made by the Plaintiffs, pursuant to 42 C.F.R.  447.45(d).

30.     In *Doe 1-13 by and Through Doe Sr. 1-13 v. Chiles*, 136 F.3d 709 (1998) the court found that an action brought by disabled individuals will prevail when the action is brought against state officials, who failed to provide Medicaid services with reasonable promptness. Additionally, the *Doe* court found that failing to furnish Medicaid assistance with reasonable promptness to disabled individuals should not exceed 90 days. The action was brought pursuant to 42 U.S.C.

§1983 against officials, alleging unreasonable delays in providing certain services under the state Medicare program.

31.  In light of the Defendant's failure to comply with federal and state Medicaid laws, the Plaintiffs have been unable to pay for their room, board, care and services at Petersen facilities during their period of Medicaid ineligibility in the amounts stated above.

32.  Such inaction places the Plaintiffs at risk of being discharged from Petersen facilities, and jeopardizes their health, safety, and well-being.

33.  Federal law requires the Defendant to issue a determination on an individual's Medicaid application, and requires that every applicant be timely afforded such notice and a right to appeal such decision.

34.  As a direct result of the Defendant's failure to timely process their Medicaid applications, the Plaintiffs Brinkley, Brown, Cook, Fonner, Frazier, Garrison, Giuka, Hollingsworth, Kaufman, Koehler, Loudermilk, Marcoux, Mercier, Mondy, Mullins, Preston, Stuby, Vanwinkle, Anderson, Askew, Biggins, Combs, Davis, Felton, Suckach, and Wells have failed to receive public assistance to which they are entitled pursuant to federal law.

35.  The Defendant has failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to all individuals meeting specified financial eligibility standards, as required under 42 U.S.C. § 1396a(a)(10).

36.  The failures by Defendant to timely pay Medicaid benefits submitted by Plaintiffs Anderson, Elliott, Foster, Gann, Gleson, Grasseschi, Hess, Icenogle, Ishmael, Katner, Lane, Marcum, McGrew, Merry-Azimi, Morgan, Morrow, Murphy, Powell, Rose, Smith, Steffan,

Toufexis, Winters, Wrone, Edward, Faginkrantz, Fathauer, Nelson, Simpson, and Turner violates the Federal Medicaid Act and implementing regulations at 42 CFR 447.45(d).

37.     As a consequence of' the Defendant's actions as described herein, the Plaintiffs have suffered damages including compensatory, mental anguish and other damages.

38.     By failing to pay for services rendered to Medicaid approved patients, the Defendant has failed to comply with federal law, as preempted by the Supremacy Clause of the United States Constitution, Article VI. The burden placed on the Defendant, should the Court grant the relief requested in this action, is that Defendant will be required to comply with federal Medicaid laws and pay for medical services already rendered to Plaintiffs. The Defendant stand to suffer diminutive, if any, burden by the timely rendering of payment of Plaintiffs' Medicaid claims to the skilled nursing facilities in which they reside.

## COUNT TWO - VIOLATION OF THE FEDERAL MEDICAID ACT'S MEDICAL ASSISTANCE, AND NURSING FACILITY SERVICES MANDATE

39.     The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

40.     In violation of the medical assistance and nursing facility services provisions of the Medicaid Act, 42 U.S.C. §§ 1396a(a)(10)(A), 1396d(a)(4)(A), the Defendant, while acting under the color of law, has failed to provide the Plaintiffs with nursing facility services necessary for the health and welfare of these disabled Plaintiffs.

41.     The Defendant's violations, which have been repeated and knowing, entitle the Plaintiffs to relief under 42 U.S.C. § 1983.

## COUNT THREE - VIOLATION OF THE FEDERAL MEDICAID ACT'S REASONABLE PROMPTNESS REQUIREMENT

42.     The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

43.     The named Plaintiffs are all Medicaid-eligible individuals who require nursing facility services and reside in Illinois.

44.     The Defendant is engaged in the repeated, ongoing failure to arrange and provide medical assistance and nursing facility services despite the fact that medical assistance and nursing facility services are medically necessary for all named Plaintiffs.

45.     In violation of 42 U.S.C. § 1396a(a)(8) of the Federal Medicaid Act, the Defendant, while acting under the color of law, failed to provide services to the Plaintiffs with "…reasonable promptness…". Furthermore, the Defendant is required to administer the Medicaid program in compliance with 42 C.F.R. §435.930 (requiring applicants be afforded Medicaid benefits without any delay).

46.     The Defendant's violations, which have been repeated and knowing, entitle the Plaintiffs to relief under 42 U.S.C. § 1983.

## COUNT FOUR – VIOLATION OF THE "AMERICANS WITH DISABILITIES ACT" ("ADA"), 42 U.S.C. §12132

47.     The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

48.     The Defendant Norwood has failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to all individuals meeting specified financial eligibility standards, as required under 42 U.S.C. § 1396a(a)(10).

49.     All of the Plaintiffs are "qualified individuals with a disability," as defined under the ADA, 42 U.S.C. § 12132 *et. seq*. and 28 C.F.R. § 35.130 *et. seq*.

50.     The Defendant's failure to afford the Plaintiffs public benefits and services, to which they are entitled under federal law, and failure to grant the residents Medicaid benefits as a

reasonable accommodation, constitutes actual or predictable discrimination in violation of the ADA, 42 U.S.C. § 12132 *et seq.* and 28 C.F.R. § 35.130 *et seq.*

51.     As a consequence of' Defendant's actions as described herein, Plaintiffs have suffered damages, including compensatory, mental anguish and other damages.

## COUNT FIVE – VIOLATION OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 794

52.     The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

53.     Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, prohibits public entities and recipients of federal funds from discriminating against any individual by reason of disability. Public and federally-funded entities must provide programs and activities "in the most integrated setting appropriate to the needs of the qualified individual with a disability." See 28 C.F.R § 41.51(d). Policies, practices, and procedures that have the effects of unjustifiably segregating persons with disabilities in institutions constitute prohibited discrimination under the Rehabilitation Act.

54.     The Illinois Department of Healthcare and Family Services is a recipient of federal funds under the Rehabilitation Act. The Plaintiffs are qualified individuals with a disability under Section 504 of the Rehabilitation Act.

55.     The actions by HFS constitute unlawful discrimination under 29 U.S.C. § 794(a), violate the mandate that no qualified handicapped person should be denied benefits on the basis of handicap, and violate the regulations implementing this statutory prohibition. 28 C.R.R. § 41.51(d).

56.     Plaintiffs are individuals who require 24-hour skilled nursing services for their health, welfare, and survival. The Defendant's failure to grant needed benefits to Plaintiffs violates § 504 of the Rehabilitation act of 1973 and its implementing regulations.

57.     As a consequence of Defendant's actions as described herein, Plaintiffs have suffered damages, including compensatory, mental anguish and other damages.

## COUNT SIX – VIOLATION OF DUE PROCESS AND EQUAL PROTECTION (42 U.S.C. §1983)

58.     The Plaintiffs incorporate all paragraphs set out above as if fully set out herein

59.     Equal protection doctrine ensures that all similarly situated persons are treated similarly under the law. If a statute classifies people, the classification must be based on criteria related to the statute's objective. *Disabled Am. Veterans v. United States Dep't of Veterans Affairs*, 962 F.2d 136, 141 (2d Cir. 1992).

60.     The above acts were committed under color of state law by the Defendant. Said acts were committed by the Defendant by and through representatives of the Defendant acting in their official capacities pursuant to the statutes, ordinances, laws and policies of the Defendant.

61.     The Defendant acted wilfully, knowingly, and purposefully with the specific intent to deprive Plaintiffs of their rights, privileges, or immunities secured by the Constitution and laws by the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. §1983.

62.     As a consequence of the Defendant's actions as described herein, the Plaintiffs have suffered damages including compensatory, mental anguish and other damages.

## COUNT SEVEN – TEMPORARY AND PERMANENT INJUNCTION

63.     The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

64.     The above acts were committed under color of state law by the Defendant. Said acts were committed by and through representatives of the Defendant acting in their official capacities pursuant to the statutes, ordinances, laws and policies of the Defendant.

65.     The Plaintiffs demand temporary and permanent injunctive relief requiring that the Defendant make an eligibility determination on their Medicaid applications within forty-five days and to permit the Plaintiffs right to file an Inaction Appeal due to the Defendant's failure to timely process their Medicaid applications or request interim benefits.

66.     Issue an Order requiring the Defendant to automatically approve the Plaintiffs' Medicaid benefits.

## VI. REQUESTS FOR RELIEF

1.     Issue a Declaratory Judgment in favor of the Plaintiffs and the Class, requiring Defendant to adhere to the requirements of the Medicaid Act, the Americans with Disabilities Act, and the Rehabilitation Act;

2.     Declare unlawful the Defendant's failure to arrange for medical assistance and nursing facility services to the Plaintiffs and Class;

3.     Issue Preliminary and Permanent Injunctive relief enjoining the Defendant from subjecting the Plaintiffs and the Class to practices that violate their rights under the Medicaid Act, the Americans with Disabilities Act, and the Rehabilitation Act;

4.     Issue Preliminary and Permanent Injunctive relief requiring the Defendant to arrange for medical assistance and nursing facility services to the Plaintiffs and Class;

5.     Award Plaintiffs and the Class the costs of this action, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205; § 504 of the Rehabilitation Act, and 42 U.S.C. § 1988; and,

6.     Award such other relief as the Court deems just and appropriate, including, but not limited to, compensatory and punitive damages, interest, expenses and costs.

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.

Respectfully submitted,

/s/ Katie Z. Van Lake
ARDC# 6292120
SB2, Inc.
1426 N. 3rd Street, Suite 200
Harrisburg, PA 17102
Telephone: (516) 509-1289
Facsimile: (717) 909-5925
kvanlake@s-b-b.com
*Attorney for Plaintiffs*